IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,<br><br>            Plaintiff,<br><br>     vs.<br><br>AMERICAN EUROCOPTER CORP.; EADS NORTH AMERICA; EUROPEAN AERONAUTIC DEFENCE AND SPACE COMPANY EADS N.V.; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; DOE CORPORATIONS 1-100; and DOE ENTITIES 1-100,<br><br>            Defendants.<br>_____ | CV. NO. 09-00136 DAE-LEK |

ORDER (1) DENYING DEFENDANT AMERICAN EUROCOPTER CORP.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, AND (2) TRANSFERRING CASE TO THE U.S. DISTRICT COURT FOR THE <u>NORTHERN DISTRICT OF TEXAS</u>

On August 24, 2009, the Court heard Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. Calvin Young, Esq., appeared at the hearing on behalf of Plaintiff, Paul Alston, Esq., Stephen Johnson, Esq., and Eric Strain, Esq., appeared at the hearing on behalf of Defendants. After reviewing the motion and the supporting and opposing memoranda, the Court (1) **DENIES** Defendant

American Eurocopter Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction; and (2) **TRANSFERS** the remainder of the case to the U.S. District Court for the Northern District of Texas.

## BACKGROUND

This case arises from the tragic incident on March 8, 2007, when a Aerospatiale AS350BA helicopter piloted by William J. Sulak crashed at or near Princeville Airport, Kauai. (Doc. #17 at 4.) Mr. Sulak ("Decedent") died from his injuries sustained in the crash.[1] (Id. at 5.) At the time of the crash, Decedent reported over the radio that the helicopter was experiencing hydraulic failure. (Id. at 4.) An investigation conducted by the U.S. Department of Transportation, National Transportation Safety Board Investigators determined that mechanical failure combined with faulty maintenance was the cause of the crash.[2]

Plaintiff National Union Fire insurance Company is the insurer of Heli USA Airways, which was the owner and operator of the helicopter at the time of the accident. (Doc. # 18 at 3.)

---

[1] Three other individuals were killed in the crash, and three more were injured. (Doc. # 17 at 5.)

[2] Among other failures, the "lower clevis (end-fitting) of the left lateral servo, a hydraulic device that changes the pitch of the main rotor blade system, was still attached to the transmission but was not connected to the servo," and the "lock washer was worn and the locking tang was missing." (Id. at 4-5.)

2

Defendant American Eurocopter Corp. ("AEC") sold and provided technical support for Eurocopter[3] helicopters until 2003, when it was taken over by American Eurocopter LLC and is now a minority member. (Doc. # 9 at 2.) AEC is a Delaware corporation with its principle place of business in Texas. Defendant EADS North American ("EADS NA") is a Delaware corporation with its principle place of business in Virginia. (Cardin Doc. # 11 Decl. ¶ 2.)

On March 3, 2009, Plaintiff filed suit in the State of Hawaii Circuit Court of the Fifth Circuit against Defendants AEC, EADS NA, and other unnamed parties (collectively, "the Defendants"). (Doc. # 1 Ex. A.) On March 6, 2009, Decedent's relatives Andrew Sulak and Carrie Sulak individually and as next friend to Avaleigh Garner filed a separate lawsuit against the same defendants, Case No. CV-09-00135 DAE-KSC. The suits were subsequently removed to this Court on March 31, 2009 but not consolidated. (Doc. # 1.)

In this suit, Plaintiff seeks to recover from Defendants moneys paid to settle wrongful death and personal injury claims arising from the incident, due to Defendants' alleged negligent design, inspection, manufacture, sale, marketing, and/or warning of helicopter defects. (Doc. # 1 Ex. A at 3.)

---

[3] Formerly known as Aerospatiale, Inc. (Doc. # 17 Ex. P at 1a.)

On April 22, 2009, AEC filed a motion to dismiss on the ground that the Court lacks personal jurisdiction over it in this case. (Doc. # 9.) On the same day, EADS NA also filed a motion dismiss for lack of personal jurisdiction.[4] (Doc. # 11.) On July 13, 2009, Plaintiff filed its Opposition to AEC's Motion, (Doc. # 17), and its Opposition to EADS NA's Motion, (Doc. # 18). On July 20, 2009, AEC filed its Reply. (Doc. # 21.) Also on July 20, 2009, EADS NA filed its Reply. (Doc. # 22.)

On the hearing on the matter on August 24, 2009, the parties orally stipulated to withdraw the complaint against EADS NA and file an amended complaint that does not include EADS NA. Accordingly, this Order does not address the motion to dismiss filed by EADS NA. (Doc. # 11.)

The parties to the instant motion have incorporated the facts and evidence presented in the companion case brought by Sulak et al., Case No. CV-09-00135 DAE-KSC. Where applicable, this Court will refer to those companion case documents by prefacing the document name with "09-135."

---

[4]The Court makes note that on April 22, 2009, both defendants filed separate motions to dismiss for lack of jurisdiction in response to the complaint filed by Sulak et al., Case No. CV-09-00135 DAE-KSC.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. A plaintiff has the burden of establishing jurisdiction over a nonresident defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004); Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). When, as here, a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Schwarzenegger, 374 F.3d at 800; Ziegler, 64 F.3d at 473.

In determining whether a plaintiff has made a prima facie showing of jurisdictional facts, the court must accept uncontroverted allegations in the complaint as true. Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and declarations. See id. Conflicts between the parties' affidavits and other discovery materials must be resolved in favor of the plaintiff. Id.

DISCUSSION

I.Personal Jurisdiction

In order to exercise personal jurisdiction over a nonresident defendant, the Court must consider whether: (1) the forum state has an applicable long-arm statute that confers jurisdiction over nonresidents; and (2) the assertion of personal jurisdiction comports with the constitutional requirements of due process. Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d 1060, 1064 (D. Haw. 2000); Complaint of Damodar Bulk Carriers, Ltd., 903 F.2d 675, 678 (9th Cir. 1990). Hawaii's long-arm statute extends jurisdiction to the extent permitted by the Due Process Clause of the Fourteenth Amendment. Cowan v. First Ins. Co. of Haw., 608 P.2d 394, 399 (Haw. 1980). Therefore, the jurisdictional analyses under state law and federal due process are the same. Complaint of Damodar Bulk Carriers, 903 F.2d at 679.

For the Court to exercise personal jurisdiction over a nonresident defendant, the defendant must have at least minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted); Schwarzenegger, 374 F.3d at 801. The defendant's conduct must have been such that he should reasonably

anticipate being haled into court in Hawaii. See Harris Rutsky & Co. Ins. Servs., Inc., 328 F.3d 1122, 1130 (9th Cir. 2003).

Two forms of personal jurisdiction exist, general and specific. Dole Food, 303 F.3d at 1111.

For general jurisdiction to exist,

> the defendant must engage in "continuous and systematic general business contacts," that "approximate physical presence" in the forum state. This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.

Schwarzenegger, 374 F.3d at 801 (citations omitted). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199 (9th Cir. 2006) (en banc ). The assertion of general jurisdiction must always be reasonable. Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 852-53 (9th Cir. 1993). The Ninth Circuit has set a high standard for general

7

jurisdiction. See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006).

Where a person does not have sufficient contacts to support general jurisdiction, a court may still exercise specific personal jurisdiction over the person if the following requirements are met:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Harris Rutsky, 328 F.3d at 1129 (citation omitted).

II.     American Eurocopter Corp.'s Motion to Dismiss

AEC presents evidence (in the form of declarations and reports) to contradict Plaintiff's allegation that this Court has personal jurisdiction over Defendants. Therefore, Plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction.

8

For the reasons discussed below, this Court finds that Plaintiff has not met its burden to make a prima facie showing of either general or specific jurisdiction over defendant AEC.

A.   General Jurisdiction

AEC provides the declaration of Kevin Cabaniss, Secretary and formerly General Counsel for AEC, as evidence to contradict Plaintiff's assertion that this Court has general jurisdiction over AEC. AEC is a Delaware corporation with principle place of business in Texas. (Cabaniss Mot. Decl. ¶ 3.) AEC is not currently registered to do business in Hawaii, was not registered to do business in Hawaii at the time of the helicopter crash, has never had employees permanently based in Hawaii, has never held any bank accounts or telephone listings in Hawaii, and has never owned real property here. (Id. ¶ 4.) AEC was registered in Hawaii from 2000 to 2004, to "pursue a revenue collections matter that is unrelated to this lawsuit." (Id.)

Plaintiff asserts that AEC has sufficient contact with Hawaii to satisfy the requirements for general jurisdiction "through its sale of helicopters and the maintenance and training services AEC provides to its Hawaii customers." (Opp'n at 12-13.) In support of this assertion, Plaintiff does not submit affidavits or declarations, instead, Plaintiff presents websites and a press release purportedly

9

describing AEC's business activities in Hawaii and helicopter sales by AEC to three Hawaii companies. This Court will consider the information offered by Plaintiff, despite the fact that Plaintiff does not offer testimony, apart from its own attorney, authenticating the information in the documents.

First, a February 22, 2009 press release states that Blue Hawaiian Helicopters operates 17 Eurocopter helicopters (sold by AEC's predecessor, Eurocopter), with four new helicopters planned in the future. (Opp'n Ex. C.) These helicopters are a different model than the helicopter that crashed on Kauai. (Opp'n at 14.) Blue Hawaiian's website also advertises that it participated in the paint-design of one of AEC's helicopters, the EC-130B4. (Opp'n Ex. D.) Next, Plaintiff submits Island Helicopters' website, which states that it operates two AEC A-Star helicopters. (Opp'n Ex. H.) Finally, Plaintiff submits Air Maui's webpage that "indicates it uses American Eurocopter helicopters." (Opp'n at 16; Opp'n Ex. K.)

AEC correctly relies on Ninth Circuit precedent <u>Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.</u>, 223 F.3d 1082 (9th Cir. 2000), to argue that engaging in commerce with Hawaii companies, alone, is not enough to justify exercising general jurisdiction. (Reply at 5.) For this Court to exercise general jurisdiction over AEC because of contacts unrelated to the Kauai crash, AEC's contacts with

Hawaii must be "substantial" or "continuous and systematic." 223 F.3d at 1086. In <u>Bancroft</u>, the Ninth Circuit found no general jurisdiction because the defendant paid no taxes in the state, maintained no bank account, targeted no print, television, or radio advertising in the state, and made only occasional unsolicited sales of tickets and merchandise to state residents. <u>Id.</u> at 1086. Importantly, the defendant in <u>Bancroft</u> had license agreements with television networks and vendors, but this was not enough for general jurisdiction – the agreements constituted doing business <u>with</u> California, but not doing business <u>in</u> California. The court stated that "<u>engaging in commerce with residents of the forum state</u> is not in and of itself the kind of activity that approximates physical presence within the state's borders." <u>Id.</u> (emphasis added). Likewise, AEC provides the declaration of American Eurocopter LLC Senior Director of Contracts that all sales and deliveries of helicopters occurred outside of Hawaii. (Cogburn Reply Decl. ¶ 3.) The evidence provided by Plaintiff and Sulak et al. regarding the period of time from 2000 to 2004 when AEC was registered to do business in Hawaii, primarily for purposes other than the sale of these helicopters, (Mot. at 5-6), states that the helicopters and parts were sold in Texas. (09-135 Opp'n Ex. 10.)

Similarly, the U.S. Supreme Court held in <u>Helicopteros Nacionales de Colombia v. Hall</u> that a company that purchased 80% of its helicopter fleet, spare

11

parts, and accessories from a Texas company, sent pilots to Texas for training, and sent management and maintenance personnel to Texas for technical consultation was not subject to general jurisdiction in Texas.  466 U.S. 408, 411, 418 (1984).  The Supreme Court concluded that "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."  Id. at 418.

      Only 47 of AEC's 1750 helicopters are operated in Hawaii – less than 3 percent of its fleet.  (Reply at 6; Brown Reply Decl. ¶ 3.)  This falls far below the rate in Helicopteros.  In Shute v. Carnival Cruise Lines, the Ninth Circuit declined to exercise general jurisdiction over defendant who derived 1.29% of its business from the residents of forum state.  897 F.2d 377, 381 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585 (1991).  This Court will not exercise general jurisdiction over AEC, with only a few dozen instances of business exchanges documented with website articles.

      Plaintiff further argues for jurisdiction because, in addition to the business AEC has conducted with Hawaii companies, AEC has on one documented occasion provided training to pilots in Hawaii and has a service center in Hawaii.  (Opp'n at 16-17.)  Plaintiff's evidence of the pilot training is a website article from

12

2006 wherein American Eurocopter LLC announced it had trained approximately 100 pilots in Hawaii. (Opp'n Ex. M.) The Court notes that the article actually states that American Eurocopter LLC conducted the training, not AEC, and American Eurocopter LLC is not a party to this lawsuit. Even if this Court were to impute this to AEC, pilot training in the forum state is not sufficient to create general jurisdiction over the defendant, without more. See Helicopteros, 466 U.S. at 411.

   Plaintiff's argument that AEC maintains a service center and technical support contact is equally unavailing. AEC lists "Rotor Wing Hawaii" in Honolulu as a location that Eurocopter helicopters might be taken to be serviced. (Opp'n Ex. N at 2.) Documents before this Court indicates that Rotor Wing Hawaii is a separate business entity, and the fact that it services AEC helicopters is not enough to generate jurisdiction over AEC for a matter unrelated to this contact. Plaintiff also states that Tom Brown of AEC is the technical representative for Hawaii. (Opp'n Ex. L.) But as AEC notes, Mr. Brown's permanent office is located in Nevada, and his contact phone number has a Nevada area code. (Reply at 7.) These contacts are insufficient to establish the pervasiveness of activity in Hawaii that is required for this Court to exercise general jurisdiction over AEC. See Congoleum Corp v. DLW Aktiengesellschaft, 729 F.2d 1240, 1242 (9th Cir. 1984)

13

("[N]o court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated cause of action.")

Given the high standard the Ninth Circuit has set for general jurisdiction, the evidence submitted by Plaintiff to establish general jurisdiction falls short. See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199 (9th Cir. 2006). "Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction – that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." Id. at 1205.

B.  Specific Jurisdiction

Plaintiff asserts that this Court may exercise specific jurisdiction over AEC based on AEC's alleged post-sale maintenance of Eurocopter helicopters and on AEC's alleged failure to warn of helicopter defects. (Opp'n at 18.)

The first requirement for specific jurisdiction, necessitates that a defendant has purposefully availed itself of the forum.

It is well established that "the placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum

state." See Holland America Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 459 (9th Cir. 2007) (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102 (1987)). Even a defendant's awareness that the stream of commerce may "sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." Id.

AEC first sold this particular helicopter to a Colorado company in 1980, and then after re-acquiring the helicopter, sold it again to a Louisiana company in 1997. (Mot. at 8; 09-135 Mot. at 3.) AEC was not a party to any subsequent transaction by third-parties that caused the helicopter to be operated by Heli USA in Hawaii. (Mot. at 8.) AEC is not subject to specific jurisdiction based on the third-party action that brought the helicopter to Hawaii, and Plaintiff fails to provide evidence to satisfy the requirement that AEC purposefully avail itself of this forum via the subject helicopter.

Plaintiff offers two bases to satisfy the "arising out of" requirement for specific jurisdiction: (1) AEC's post-sale maintenance of the helicopter; and (2) AEC's failure to warn of the defect. (Opp'n at 19-20.) This Court will address each following the Ninth Circuit's "but for" test. See Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995).

15

Without citing a single case or document in support, Plaintiff argues that AEC's purported post-sale involvement in the maintenance of the helicopter provides a basis for this Court to find purposeful availment.[5] (Opp'n at 18.) Plaintiff does not offer any evidence that AEC has conducted post-sale maintenance of the helicopter. Plaintiff makes general references to the existence of the Rotor Wing Hawaii service center and the presence of a technical representative (based in Nevada), discussed above. But at the time of the incident, the subject helicopter was owned by Jan Leasings, a Nevada company, and operated by Heli USA Airways. (Cabaniss Mot. Decl. ¶ 6.)

At the time of the incident, the maintenance personnel and operator of the helicopter were from Heli USA, not AEC. There is no evidence before this Court that any post-sale maintenance by AEC caused the accident.[6]

---

[5] Sulak et al. complains that AEC has "failed to provide some very important facts concerning its role . . . for the subject helicopter" and "fails to discuss its responsibility to Decedent." (09-135 Opp'n at 12-13.) But contrary to the plaintiffs' assertions, it is the plaintiffs' initial burden to establish personal jurisdiction.

[6] Plaintiffs in Sulak et al. state that AEC was "responsible for manufacturing, marketing, selling, assembling, supporting and training for Eurocopter rotary-wing aircraft in the United States, which included specifically Hawaii." (09-135 Opp'n at 10.) They refer to an FAA-issued "Special Airworthiness Information Bulletin" about the potential for servo disconnect, which directed injuries about service information to AEC. (Opp'n Ex. 5 at 3.) This announcement, however,

(continued...)

16

For its second theory to satisfy the "arising out of" requirement, Plaintiff claims that if AEC had warned Heli USA of the helicopter defect, then Heli USA would have addressed the defects and the accident would not have happened. (Opp'n at 19-20.) Although there is not extensive published case law on this subject in this circuit, the Court determines that a passive failure to warn is not the purposeful availment that is required for this Court to exercise personal jurisdiction over AEC under these facts. Instead of arguing that AEC purposefully availed itself of the forum, Plaintiff is arguing that AEC did nothing regarding this particular helicopter. See Chlebda v. H.E. Fortna and Bro. Inc., 809 F.2d 1022, 1023-24 (1st Cir. 1979) (holding that a failure to act could not furnish the minimum contact with the forum state). Plaintiff cannot "transform a failure to act that was directed nowhere in particular to a purposeful availment of the laws of one specific state." Pettengill v. Curtis, 584 F. Supp. 2d 348, 358-59 (D. Mass. 2008); see also Fiske v. Sandvik Mining, 540 F. Supp. 2d 250, 254 (D. Mass. 2008) ("[A] negligent act or failure to act outside the state cannot be considered an act or omission in [the state].") "[G]rounding jurisdiction solely on [an] allegation of

---

[6](...continued)
presumably was released nation-wide, and made no reference to the accident at issue here or AEC's contact with Hawaii. It was simply a notification that referred operators to the original maker of the helicopter.

17

such an omission might remove any limitation upon a state's assertion of personal jurisdiction and . . . be beyond 'traditional notions of fair play and substantial justice.'" Cary v. Beech, 679 F.2d 1051, 1061 n.10 (3rd Cir. 1982) (quoting Walsh v. Nat'l Seating Co., 411 F. Supp. 564, 570 (D. Mass. 1976), superceded in part by statute, 48 U.S.C. § 1612 (subject matter jurisdiction of the District court of the Virgin islands).

Even if a court were to exercise personal jurisdiction over a defendant for failure to act or failure to warn, that jurisdiction would most properly arise at AEC's corporate headquarters or place of manufacture– neither of which are Hawaii. See id. at 1060.

Because Plaintiff has failed to meet either of the first two requirements for specific jurisdiction over AEC, this Court need not address the third.

The Court finds that the Court may not exercise personal jurisdiction over AEC, and in the interests of justice and equity, that jurisdiction is most properly exercised by the U.S. District Court for the Northern District of Texas, as discussed below. Accordingly, this Court DENIES AEC's motion to dismiss for lack of personal jurisdiction.

18

III.   Request to Conduct Discovery

In its Opposition, Plaintiff requests that this Court allow Plaintiff to conduct discovery to establish AEC's contacts with Hawaii. This Court has broad discretion to deny or permit discovery. See Laub v. United States Dep't of the Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). Based on this Court's review of the evidence presented and belief that a denial of discovery will not result in actual or substantial prejudice, the request to conduct discovery is DENIED.

IV.   Request to Transfer

Plaintiffs Sulak et al. and National Union assert that dismissal of their claim would result in prejudice because Plaintiffs would be time-barred from re-filing the lawsuit in Texas and requests that this court transfer venue to the U.S. District Court for the Northern District of Texas.[7]

AEC is a Delaware corporation with its principle place of business in Texas. Pursuant to the Court's authority under 28 U.S.C. § 1404 and 28 U.S.C.

---

[7] The Court is aware that a related action was filed by American Eurocopter LLC on March 3, 2008, in the same Northern District of Texas court, seeking declaratory judgment as to liability for the helicopter accident. Action No. 4:09-CV-137-Y. (Opp'n Ex. A.) That court declined to hear the action because of the pending cases in this Court. The declaratory judgment action, however, could not resolve whether this Court can exercise personal jurisdiction over Defendants, and this Court has determined that it cannot.

§ 1406, and in the interests of justice and equity, the Court transfers the matter of defendant AEC to the U.S. District Court for the Northern District of Texas. All pending matters and motions shall be transferred as well.

## CONCLUSION

For the reasons stated above, the Court (1) DENIES Defendant American Eurocopter Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction; and (2) TRANSFERS the case to the U.S. District Court for the Northern District of Texas.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 26, 2009.



David Alan Ezra
United States District Judge

Nat'l Union Fire Ins. Co. v. Am. Eurocopter Corp. et al., CV No. 09-00136 DAE-LEK; ORDER (1) DENYING DEFENDANT AMERICAN EUROCOPTER CORP.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, AND (2) TRANSFERRING CASE TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS